ERIKA HEATH (SBN 304683)
(erika@duckworthpeters.com)
**DUCKWORTH & PETERS LLP**
369 Pine Street, Suite 410
San Francisco, CA 94104
Telephone Number: (415) 433-0333
Facsimile Number: (415) 449-6556

Attorneys for Plaintiff
NELIDA PRADO

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELIDA PRADO,<br><br>  *Plaintiff*,<br><br>v.<br><br>TRANS UNION, LLC;<br><br>  *Defendant*. | Civil Action No. 3:19-cv-6849<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**(1) 15 U.S.C. § 1681** *et seq.*<br>**(2) Cal. Civil Code § 1785.14(b)** |

Plaintiff NELIDA PRADO brings this action for damages against Defendant TRANS UNION, LLC, for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1 *et seq.* ("CCRAA").

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter based upon 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

2. Venue is proper in the Northern District of California because a substantial part of the events giving rise to the claims occurred within the district. *See* 28 U.S.C. § 1391(b)(1).

3. Pursuant to Local Rule 3-2(c) and (d), this action should be assigned to the San Francisco/Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in San Mateo County.

## PARTIES

4. Plaintiff **NELIDA PRADO** is an adult individual residing in San Mateo County, California, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and Cal. Civ. Code § 1785.3(b).

5. Defendant **TRANS UNION, LLC** ("TRANS UNION") is a "person," as that term is defined by 15 U.S.C. § 1681a(b) and Cal. Civ. Code § 1785.3(j). Defendant TRANS UNION is also a "consumer reporting agency" and "consumer credit reporting agency," as those terms are defined by 15 U.S.C. § 1681a(f), and Cal. Civ. Code § 1785.3(d), respectively. Defendant is authorized to do business in the State of California, has substantial contacts in this District, and is headquartered at 555 W. Adams Street, Chicago, Illinois 60661.

## FACTUAL BACKGROUND
*Trans Union and the "Mixed File"*

6. The FCRA requires that credit reporting agencies such as TRANS UNION, in preparing a credit report, to "follow reasonable procedures to assure maximum possible accuracy of the information" in the report. 15 U.S.C. § 1681e(b).

7. The FCRA requires that upon receiving notice from a consumer that the consumer disputes the accuracy or completeness of any item of information in the consumer's file, TRANS UNION follow specific requirements, including:

  a. conduct a reasonable reinvestigation of the disputed information to determine if the information is accurate;
  b. notify the source of the information of the dispute within five days;
  c. provide the source with all relevant information received from the consumer;
  d. review and consider all relevant information provided by the consumer in conducting the reinvestigation;

  e. delete or modify information that is found to be inaccurate or incomplete, or that cannot be verified;

  f. complete the reinvestigation within 30 days; and

  g. send the consumer written results of the reinvestigation and a credit report that is based on the consumer's file as that file is revised as a result of the reinvestigation. 15 U.S.C. § 1681i(a).

8. The FCRA requires that TRANS UNION provide a description of the reinvestigation procedure used to determine the accuracy and completeness of the disputed information if requested by a consumer. 15 U.S.C. § 1681i(a)(7).

9. The FCRA requires that upon request of a consumer, TRANS UNION provide the consumer with all information in the consumer's file at the time of the request. 15 U.S.C. § 1681g(a).

10. The FCRA provides that TRANS UNION may only furnish a credit report to a person "which it has reason to believe … intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished." 15 U.S.C. § 1681b(a).

11. The policies and procedures of TRANS UNION do not ensure compliance with these provisions of the FCRA.

12. A major problem in the credit reporting industry is the "mixed file." A mixed file is placing information belonging to one consumer into the file or credit report of a different consumer. In some cases, the two consumers are merged together so there is one file for both consumers.

13. Credit reporting agencies' procedures for matching consumer information to a consumer file regularly result in the mixing of one consumer with another.

14. Mixed files create a false description of a consumer's credit history. Further, mixed files result in the consumer not obtaining credit or other benefits of our economy.

15. Consumers with mixed files often have their confidential personal and financial information wrongfully disclosed when the other consumer is seeking credit, and have their confidential information disclosed to the other person. This violates the consumer's privacy and also greatly increases their risk of identity theft.

16. Mixed files are not a new phenomenon. Credit reporting agencies have been aware of mixed files for more than 35 years. *See Thompson v. San Antonio Retail Merchants Ass'n,* 682 F.2d 509 (5th Cir. 1982).

17. Mixed files occur despite the fact that every consumer has unique personal identifying information, such as a Social Security number. That is so because the credit reporting agencies' matching logic allows information to be included in a consumer's file even when the Social Security number reported with the information is different than the Social Security number on the consumer's file.

18. TRANS UNION knows its matching procedures are causing inaccurate credit reports and mixed files.

19. In the 1990's, the Federal Trade Commission ("FTC") filed a lawsuit against Equifax, TRANS UNION and Experian's predecessor TRW because of their failure to comply with the FCRA, including the mixing of consumers' files.

20. In the 1990's, the Attorneys General of a number of states filed a lawsuit against Equifax, TRANS UNION and Experian's predecessor TRW because of their failure to comply with the FCRA including the mixing of consumers' files.

21. In 1992, TRANS UNION signed a Consent Order with the Attorneys General of 17 states, and agreed to take specific steps to prevent the occurrence of mixed files and to adopt procedures designed specifically to reinvestigate consumer disputes resulting from mixed files. For example, procedures during the reinvestigation process include: assigning mixed file cases to Senior Investigators who, as appropriate, must pull all files related to the consumer, fully verify disputed information, make any changes, deletions or additions to correct the file and resolve the

dispute, and prepare a summary of the problem to be filed with another department for corrective action.

22. Credit reporting agencies continue to repeatedly mix consumers' files despite their agreements with the FTC and State Attorneys General, and hundreds of lawsuits filed against them by consumers whose files have been mixed.

23. Over the last twenty-five years, TRANS UNION has been sued many hundreds of times by consumers whose files were mixed with a different consumer by TRANS UNION.

24. Despite federal law, Congressional mandates, federal and state government enforcement actions, thousands of consumer complaints, and many hundreds of consumer lawsuits, TRANS UNION's mixed files remain a significant problem for consumers, including Plaintiff.

25. The credit reporting agencies' sale of consumers' most private and sensitive personal and financial information results in billions of dollars in revenue annually.

26. TRANS UNION's 2018 annual report showed a steady increase in revenue each quarter with a total reported revenue of approximately $2.3 billion for the year of 2018. *See* https://investors.transunion.com/~/media/Files/T/Transunion-IR/annual-reports/2018/annual-report-2018.pdf (p. 123, last visited Oct. 15, 2019).

**FACTUAL BACKGROUND**

27. Starting on October 26, 2017, TRANS UNION provided Plaintiff with copies of her credit files. Plaintiff learned that TRANS UNION had prepared a credit report on her that contained her sister's credit accounts, her sister's date of birth, her sister's addresses, and even her sister's name listed as an alias for her. TRANS UNION had mixed her file with her sister's file although they have different names, different dates of birth, different social security numbers and different addresses.

28. Plaintiff also learned that she had multiple credit files with TRANS UNION.

29. Plaintiff notified TRANS UNION of the inaccurate information on her report.

30. TRANS UNION did not correct all the inaccurate information and properly respond to Plaintiff's disputes. As of today, TRANS UNION has still not corrected all the incorrect information on Plaintiff's report, despite her multiple disputes.

31. TRANS UNION failed to provide Plaintiff with all the information in her file despite her requests.

32. TRANS UNION's failures to comply with the FCRA were willful and reckless in that TRANS UNION mixed Plaintiff's file despite knowing its procedures resulted in mixed files and agreeing that it would change those procedures but failing to do so, having notice that it was continuing to mix files through hundreds of lawsuits, being found to have willfully violated the FCRA but refusing to change its procedures to comply with the FCRA.

33. TRANS UNION's failures to comply with the FCRA have caused substantial harm to Plaintiff, including but not limited to damage to reputation, economic loss, reduced creditworthiness, invasion of privacy, interference with her normal and usual activities, mental anguish and emotional distress.

## **FIRST CAUSE OF ACTION**
*Fair Credit Reporting Act*
*15 U.S.C. §§ 1681e(b), 1681i*

34. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

35. The above-referenced reports are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

36. TRANS UNION negligently and/or willfully failed to comply with 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the consumer reports it prepared regarding Plaintiff.

37. TRANS UNION negligently and/or willfully failed to comply with 15 U.S.C. § 1681g by failing to provide Plaintiff with all the information in her file at the time of the request.

38. TRANS UNION negligently and/or willfully failed to comply with the procedures in 15 U.S.C. § 1681i in regard to Plaintiff's disputes.

39. Pursuant to 15 U.S.C. §§ 1681n and o, TRANS UNION is liable to Plaintiff for actual damages, punitive damages, attorney's fees, costs, as well as such further relief as may be permitted by law.

## SECOND CAUSE OF ACTION
*California Credit Reporting Agencies Act*
*Cal. Civil Code §§ 1785.14(b), 1785.16*

40. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

41. The above-referenced reports are "consumer credit reports" within the meaning of Cal. Civ. Code § 1785.3(c).

42. TRANS UNION negligently and/or willfully failed to comply with Cal. Civ. Code § 1785.10 by failing to provide Plaintiff with all the information in her file at the time of the request.

43. TRANS UNION negligently and/or willfully failed to comply with Cal. Civ. Code § 1785.14(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information in the credit reports it prepared regarding Plaintiff.

44. TRANS UNION negligently and/or willfully failed to comply with the procedures in Cal. Civ. Code § 1785.16 in response to Plaintiff's disputes.

45. Plaintiff has suffered damages as a result of TRANS UNION's violations of the CCRAA.

46. Pursuant to Cal. Civ. Code § 1785.31, TRANS UNION is liable to Plaintiff for (1) actual damages, including court costs, loss of wages, attorneys' fees and pain and suffering; (2) punitive damages of not less than $100 nor more than $5,000 for each violation; (3) injunctive relief; (4) court costs and attorneys' fees; and (5) any other relief that the Court deems proper.

**WHEREFORE,** Plaintiff, NELIDA PRADO, prays for judgment against Defendant as follows:

(a) Actual damages in an amount to be determined at trial;

(b) Punitive damages in an amount to be determined at trial;

(c) Attorney's fees, costs, and expenses; and

(d) Such other and further relief as is just and proper under the circumstances.

Dated: October 21, 2019                DUCKWORTH & PETERS LLP

/s/ Erika Heath_____
Erika A. Heath
DUCKWORTH & PETERS LLP
369 Pine Street, Suite 410
San Francisco, CA 94104
Telephone: (415) 433-0333
Facsimile: (415) 449-6556
erika@duckworthpeters.com

*Attorneys for Plaintiff*

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of each and every cause of action so triable.

Dated: October 21, 2019                    DUCKWORTH & PETERS LLP


*/s/ Erika Heath*

Erika A. Heath
Attorney for Plaintiff
NELIDA PRADO